## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Leslie and Donna McKinney Trust and
Leslie McKinney and Donna McKinney
as Trustees of the Leslie and Donna
McKinney Trust,
Defendants Below, Petitioners**

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0850** (Greenbrier County 13-C-126)

**The Brier Patch, L.C.,
Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners The Leslie and Donna McKinney Trust, and Leslie and Donna McKinney, as trustees of The Leslie and Donna McKinney Trust, by counsel J. Steven Hunter, appeal the order of the Circuit Court of Greenbrier County, entered on August 1, 2014, granting respondent's motion for summary judgment. Respondent The Brier Patch, L.C. appears by counsel Aaron C. Ambler.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent, a Virginia limited liability company, owned a seven-acre tract of land in Greenbrier County beginning around 2003, upon which respondent's members built a cabin. The deed was recorded. Respondent also owns a fifty-foot easement connecting that property to the riverbank, for which the deed was recorded sequentially with that of the seven-acre tract. A map showing the easement was attached to the deed for the seven-acre tract.

In 2011, the Greenbrier County Clerk sent respondent's 2010 property tax notice regarding the seven-acre tract to respondent's most recently recorded address in Washington, D.C., but the notice was returned as undeliverable. Respondent avers that the notice was not delivered because it was sent to one member at the address of another member. It also states that one member contacted the county clerk's office in February of 2013 (after the tax sale described below), at which time the member was told that the property taxes were paid in full, leading her to assume that another member had paid the tax bill. It is undisputed that the delinquency notice was not sent to respondent's correct address or the correct address of any member. Respondent

1

states, and petitioners do not dispute, that the address shown on the easement deed—an address in Harrisonburg, Virginia—was correct.

Petitioner The Leslie and Donna McKinney Trust purchased a tax lien to the seven-acre property for about $1500 at an auction conducted on November 17, 2011. The easement was not included in the auction. Thereafter, the West Virginia State Auditor's Office attempted to serve respondent with a notice of right to redeem (directed to the Washington, D.C. address), as set forth in West Virginia Code § 11A-3-22, but the notice was returned as undeliverable.[1]

---

[1] West Virginia Code § 11A-3-22 provides:

(a) As soon as the State Auditor has prepared the notice provided in section twenty-one of this article, he or she shall cause it to be served upon all persons named on the list generated by the purchaser pursuant to the provisions of section nineteen of this article.

(b) The notice shall be served upon all persons residing or found in the state in the manner provided for serving process commencing a civil action or by certified mail, return receipt requested. The notice shall be served on or before the thirtieth day following the request for the notice.

(c) If a person entitled to notice is a nonresident of this state, whose address is known to the purchaser, he or she shall be served at that address by certified mail, return receipt requested.

(d) If the address of a person entitled to notice, whether a resident or nonresident of this state, is unknown to the purchaser and cannot be discovered by due diligence on the part of the purchaser, the notice shall be served by publication as a Class III-0 legal advertisement in compliance with the provisions of article three, chapter fifty-nine of this code and the publication area for the publication shall be the county in which the real estate is located. If service by publication is necessary, publication shall be commenced when personal service is required as set forth in this section and a copy of the notice shall at the same time be sent by certified mail, return receipt requested, to the last known address of the person to be served. The return of service of the notice and the affidavit of publication, if any, shall be in the manner provided for process generally and shall be filed and preserved by the State Auditor in his or her office, together with any return receipts for notices sent by certified mail.

In addition to the other notice requirements set forth in this section, if the real property subject to the tax lien was classified as Class II property at the time of the assessment, at the same time the State Auditor issues the required notices by certified mail, the State Auditor shall forward a copy of the notice sent to the delinquent taxpayer by first class mail, addressed to "Occupant", to the physical mailing address for the subject property. The physical mailing address

(continued . . .)

Petitioners also served Class III-0 legal notice pursuant to West Virginia Code § 59-3-1 by publication in two local newspapers, for a total of six publication dates. Petitioners' counsel found no registration with the West Virginia Secretary of State for respondent. Petitioners received a tax deed in April of 2013, and visited the property on the 27th of that month, whereupon they found respondent's members vacationing on the premises. Respondent filed a complaint in the Circuit Court of Greenbrier County in June of 2013, seeking to set aside the tax deed on the ground that petitioners did not exercise reasonable diligence in ascertaining a correct mailing address for respondent. Though the parties conducted little or no discovery, respondent filed its motion for summary judgment in April of 2014.

The circuit court entered an order granting summary judgment on August 4, 2014, finding that after service by certified mail failed, petitioners were required to make a follow-up effort to ascertain the correct address prior to attempting service by publication. The court explained that petitioners did not attempt to serve through prior addresses provided for tax purposes by respondents, and that due diligence would have resulted in the examination of other title documents, including the easement deed, which showed petitioners' correct address. The court wrote, "Failure to attempt to serve the addresses revealed by a public records search renders [petitioners'] notice constitutionally inadequate, in addition to insufficient for the purposes of W.Va. Code § 11A-3-22." The circuit court ordered the seven-acre tract restored to respondent. This appeal followed.

On appeal, petitioners assert a single assignment of error: that the circuit court erred in granting summary judgment to respondent. Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Inasmuch as the sole issue in this appeal is whether summary judgment was appropriate, and the parties have identified no meaningful factual dispute, we proceed to our de novo review to determine whether the circuit court erred in its application of law. See Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994)("A circuit court's entry of summary judgment is reviewed *de novo*.")

Petitioners argue that the question of whether they engaged in appropriate due diligence in attempting to provide notice of the right to redeem is a question best left to a jury. Upon consideration of the limited facts of the case before us, we disagree. In *Mason v. Smith*, 233 W.Va. 673, 760 S.E.2d 487 (2014), we applied our rationale concerning notice of a tax sale to notice of the right to redeem, and explained:

> There are certain constitutional due process requirements for notice of a tax sale of real property. Where a party having an interest in the property can

---

for the subject property shall be supplied by the purchaser of the tax lien pursuant to the provisions of section nineteen of this article. Where the mail is not deliverable to an address at the physical location of the subject property, the copy of the notice shall be sent to any other mailing address that exists to which the notice would be delivered to an occupant of the subject property.

reasonably be identified from public records or otherwise, due process requires that such party be provided notice by mail or other means as certain to ensure actual notice.

*Id.* at 680, 760 S.E.2d at 494 quoting Syl. Pt. 1, *Lilly v. Duke*, 180 W.Va. 228, 376 S.E.2d 122 (1988). The salient fact in this case is that respondent's proper mailing address appeared on the face of the easement deed, and that deed was readily discoverable through a simple review of the public documents relevant to the tax lien and deed. Like the circuit court before us, we find this sufficient basis for the grant of summary judgment and the setting aside of the tax deed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4